COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 GUSTAVO CAMPOS,
  
                             Appellant,
  
 v.
  
 ELSA CAMPOS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-12-00258-CV
  
 Appeal from the
  
 383rd
 District Court
  
 of El
 Paso County, Texas 
  
 (TC# 2008CM1005) 
  
 
 


 

MEMORANDUM
 OPINION

Gustavo Campos is
attempting to appeal the trial court’s judgment in his divorce case.  Because Campos failed to file a timely notice
of appeal, we dismiss the appeal.

            On
August 9, 2012, Campos filed his notice of appeal with the trial court.  By letter dated August 10, 2012, the Clerk of
this Court advised Campos that, although he had filed his notice of appeal, his
appeal would be dismissed nonetheless for lack of jurisdiction because his
notice was untimely and that he had ten days to establish why his appeal should
not be dismissed.  Campos responded by
filing an Amended Notice of Appeal, in which he asserts that “[a] Notice of
Appeal was timely filed on August 9, 2012.”

            A
timely notice of appeal is necessary to invoke this Court’s jurisdiction.  Tex.R.App.P.
25.1(b); Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  Because Campos
timely filed a motion for new trial, his notice of appeal was due on July l,
2012 – 90 days after the date the trial court signed its judgment on April 2,
2012.[1]  See
Tex.R.App.P. 26.1(a)(1)(notice of
appeal due within 90 days from the date of judgment if a motion for new trial
is filed).  As noted above, Campos filed
his notice of appeal on August 9, 2012.  To
have obtained an extension of time to file his notice of appeal, Campos was
required to have filed both his notice of appeal and a motion for extension of
time within 15 days of the date his notice of appeal was due.  See Tex.R.App.P. 26.3 (permitting appellate
court to extend the time to file notice of appeal under these circumstances).  However, Campos failed to do so.  Therefore, contrary to Campos’s assertion in
his Amended Notice of Appeal, his notice of appeal was not timely.  Accordingly, we dismiss the appeal for want
of jurisdiction.  See Tex.R.App.P.
42.3(a)(permitting appeals court, on its own initiative, to dismiss appeal for
want of jurisdiction).

 

 

August 29, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.











[1]
There is some inconsistency regarding the date the trial court signed the
divorce decree from which Campos appeals. 
In her docketing certificate, the district clerk identifies the date as
April 4, 2012.  Campos, on the other
hand, identifies the date as April 2, 2012 in his notice of appeal and as March
28, 2012 in his amended notice of appeal. 
Although we decided this case based on the date Campos identifies in his
notice of appeal – April 2, 2012 – we note that even had we decided this case
based on the date the district clerk identifies in her docketing certificate –
April 4, 2012 – the outcome would have been identical.